Curia, per JohnstoN, Oh.
We are not at liberty to enquire whether the order of January, 1839, dismissing Bell’s bill, was properly granted. If it was not, it would have been set aside on appeal. The party who, instead of appealing, acquiesced in it, is precluded from complaining of its irregularity.
We are of opinion, that the order of reference of January, 1835, fell with the bill. We are not to be understood as deciding that the dismissal of a bill abrogates or sets aside matters finally adjudicated and determined in the progress of the cause j as in Bond vs. Hopkins, (1 Sch. and Lef. 413,) referred to in the argument. But all matters merely interlocutory, and unexecu-ted, certainly go with the bill, when that is dismissed.
But it is argued, that the statute was suspended during the existence of this order of reference. The case of Hanks, referred to in the decree, is conclusive upon this point; and the case is to be regarded as if no such order had ever existed.
It has been said, that the pendency of the suit of Bell against Jenkins, prevented the latter from asserting his claim by independent proceedings; and that it would be unjust to allow his opponent to keep him suspended in this court until the statute had barred him, and then to take advantage of this delay. But there was nothing in Bell’s bill to prevent the assertion of Jenkins’ claim, either in law or equity. There was an order restraining the latter from selling or removing the slaves in his possession ; but nothing to preclude him from suing for those in Bell’s possession, or their hire.
These latter slaves were delivered up in 1834. Whatever hire was due on their account, was due then. There was no trust, whatever, in the case. The demand was purely legal; and we do not perceive upon what principle it can be contended that the statute did not run from that time.
Theie is another ground upon which the bill should have been dismissed. Pending the suit of Bell vs. Jenkins, the creditors of Bell’s intestate filed a bill against both parties, to set aside the deed as fraudulent and voluntary. An account was taken of the administration of the estate in Bell’s possession, and resulted in a balance of $50.27 in his favour.
*147 It was the interest of Jenkins, who was entitled to the residue after satisfying the creditors, to make Bell liable for a larger sum. But he took no exception to the report; and is, therefore, bound by it. What a party may contest and does not contest, he is barred from afterwards litigating.
It is ordered, that the decree be affirmed, and the appeal dismissed.
Johnson and Dunkin, CC. concurred.